# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHA YANG,<br><br>              Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | Case No. 1:09-cv-01495-SAB<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES**<br><br>(ECF Nos. 32, 36, 38) |

Plaintiff moves the Court to grant attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA") (28 U.S.C. § 2412 et seq.). The Government opposes the motion on the grounds that it was substantially justified in defending the underlying action, and alternately, that the application for fees is not reasonable as the administrative record in this case was relatively short and the issues were not complex or novel. Finally, the Government contends that any award of fees must be made payable to Plaintiff. Plaintiff replies that the agency's decision was contrary to established precedent, as well as agency regulations and rulings, and therefore it cannot be substantially justified. Plaintiff also argues that the Government has failed to support its allegations that the time expended is excessive. Plaintiff requests additional attorney's fees for time preparing the reply to Defendant's opposition.

///

# I.

# BACKGROUND

Plaintiff filed the instant complaint challenging the denial of social security benefits on August 17, 2009. (ECF No. 1.) On September 22, 2010, the magistrate judge order issued finding that the ALJ's decision was supported by substantial evidence in the record as a whole and was based on proper legal standards. (ECF No. 22.) The Court entered judgment in the Commissioner's favor on September 22, 2010. (ECF No. 23.) Plaintiff filed an appeal on November 15, 2010. (ECF No. 25.) On July 6, 2012, the decision of the magistrate judge was affirmed in part, reversed in part, and remanded by the appellate court to the ALJ for further findings evaluating the credibility of Plaintiff's complaints and Dr. Mouanoutoua's medical opinion. (ECF No. 27.) Plaintiff filed the instant application for attorney's fees pursuant to EAJA on October 9, 2012. (ECF No. 32.) Defendant filed an opposition on November 24, 2012. (ECF No. 36.) Plaintiff filed a reply on December 3, 2012. (ECF No. 38.) On January 31, 2013, due to the retirement of the previous magistrate judge, this action was reassigned to this court. (ECF No. 39.)

By this motion, Plaintiff seeks payment in attorney's fees for 34.7 hours of attorney time worked by Ms. Sengthiene Bosavanh in the amount of $6,185.14.[1] Plaintiff also seeks attorney's fees for Ms. Bosavanh's associate, Mr. Ralph Wilborn, who worked 114 hours on this case for a total of $20,392.43.[2] Thus, the total amount of attorney time billed was 148.7 hours and the total

---

[1] The statutory rate for attorney fees is $125 per hour; and the EAJA allows a court to enhance the statutory maximum for an increase in the cost of living due to inflation. 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit has established the applicable statutory maximum hourly rates under the EAJA with the adjustments for the cost of living. *See* Statutory Maximum Rates Under the Equal Access to Justice Act, http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited April 9, 2013). The Court notes that although Plaintiff's counsel set forth the correct attorney fee amounts for 2009 and 2010 as established by the Ninth Circuit, the fee amounts were reversed when applied to the hours billed. Additionally, since the motion was filed the Ninth Circuit has determined the fee for the 2012 year as $184.32. Applying the correct fee calculations to Ms. Bosavahn's hours for each year, the total attorney fees requsted should be $6,185.14 (7.2 x $172.24 = $1,240.13 for 2009; 9.3 x $175.06 = $1,628.06 for 2010; 10.1 x $180.59 = $1,823.96 for 2011; and 8.1 x $184.32 = $1,492.99 for 2012).

[2] Applying the correct fee calculations to Mr. Wilborn's hours for each year, the total fees requested should be $20,392.43 (44 x $175.06 = $7,702.64 for 2010; 57 x $180.59 = $10,293.63 for 2011; and 13 [4 hours original request + 9 hours supplemental request] x $184.32 = $2,396.16 for 2012).

amount of attorneys' fees requested is $26,577.57 ($6,185.14 [Bosavanh's fees] + $20,392.43 [Wilborn's fees]) . Defendant has opposed the motion on the basis that the Commissioner was substantially justified in defending the action and the amount requested is unreasonable given the issues presented and the redundancy of the tasks billed. Plaintiff replies that the Government was not substantially justified in defending this action and the attorney fees are reasonable.[3]

## II.

## LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "[E]ligibility for a fee award in any civil action resquires: (1) that the claimant be a 'prevailing party'; 2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and (4) pursuant to 28 U.S.C. 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." Commissioner, I.N.S. v. Jean, 496 U.S. 154, 158 (1990). While eligibility for fees is subject to the four criteria, the district court retains substantial discretion in fixing the amount of the fee award and may discount exorbitant, unfounded, or procedurally deficient fee applications. Jean, 496 U.S. at 162. An applicant for disability benefits is a prevailing party for the purposes of the EAJA if the denial of benefits is reversed and remanded, regardless of whether disability benefits are ultimately awarded. Gutierrez v. Barnhardt, 274 F.3d 1255, 1257 (9th Cir. 2001).

The term substantial justification has been interpreted by this circuit to describe a position that has a reasonable basis in both law and fact. Renee v. Duncan, 686 F.3d 1002, 1017 (9th Cir. 2012). This means that the decision must be "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). The fact that the government did not prevail does not invoke a presumption that its positon was not substantially justified. Renee, 686

---

[3] Plaintiff's motion includes a paragraph which states the following costs/expenses are requested, however there are no costs or expenses listed. (ECF No. 32-1 at 7:9.)

1  F.3d at 1017. The burden of proving that its position was substantially justified is on the
2  government. Gutierrez, 274 F.3d at 1258; Timms v. United States, 742 F.2d 489, 492 (9th Cir.
3  1984).

4      In determining whether the Government's position was substantially justified, the court
5  must consider both the original action taken and the government's position in defending the
6  validity of the action. Gutierrez, 274 F.3d at 1259. Where the ALJ's decision was reversed on the
7  basis of procedural errors, the relevant question is whether the government's decision to defend
8  the procedural errors commited by the ALJ was substantially justified. Shafer v. Asture, 518 F.3d
9  1067, 1071 (9th Cir. 2008).

## III.

## DISCUSSION

12      Defendant argues that this Court's affirmance of the ALJ's decision, the partial affirmance
13  by the Ninth Circuit, and Judge Ikuta's dissent show that reasonable minds could differ as to the
14  interpretation of law and facts in this case. (ECF No. 36 at 4:4-8.) Plaintiff argues that precedent
15  is clear that an ALJ can only reject the opinion of a treating physician "for specific and legitimate
16  reasons that are supported by substantial evidence in the record" and can only reject a claimant's
17  credibility when "(1) finding evidence of malingering, or (3) expressing clear and convincing
18  reasons for doing so". (ECF No. 38 at 5:12-15 (quoting Lester v. Chater, 81 F.3d 821, 830-31
19  (9th Cir. 1995); 5:21-25 (citing Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003)); 8:3-8.)
20  Plaintiff contends that since the government's legal position offends established precedent and its
21  own regulations and rulings it is not substantially justified. (ECF No. 38 at 9:27-10:2.)

22      In determining whether attorney fees should be awarded under the EAJA, the court should
23  only consider those issues upon which the decision was reversed and remanded. Hardisty v.
24  Astrue, 592 F.3d 1072 (9th Cir. 2010) cert. denied 131 S.Ct. 2443 (2011). This case was
25  remanded by the Ninth Circuit upon the finding that:

> the ALJ failed to provide specific and legitimate reasons for
> rejecting Dr. Mouanoutoua's medical opinion, specifically his
> findings that Yang had post-traumatic stress disorder (PTSD) and
> would likely have problems with an eight hour work day. The

> ALJ's primary reason for discounting Dr. Mouanoutoua's entire medical opinion – a general belief that Yang was malingering or otherwise not credible – was flawed.

(Memorandum 3-4, ECF No. 27.)  Further, the appellate court found that "[g]iven the absence of any affirmative evidence of malingering, the ALJ was required to explain his credibility analysis."  (Id. at 5.)  The Ninth Circuit held that

> [b]ecause there are insufficient findings as to whether Yang's testimony should be credited as true, and, given that, whether a proper adverse credibility finding could serve as a specific and legitimate reason for rejecting Dr. Mouanoutoua's medical opinion, we reverse the judgment of the district court and remand to the ALJ for further findings evaluating the credibility of Yang's complaints and Dr. Mouanoutoua's medical opinion.

(Id. at 7.)  Therefore, the issue to be determined is whether the Government was substantially justified in defending this action based upon the findings of the ALJ that Plaintiff was not credible and the rejection of Dr. Mouanoutoua's opinion.

In rejecting a treating or examining doctor's ultimate conclusions, the Commissioner must provide "'specific and legitimate reasons' supported by substantial evidence in the record for doing so."  Lester, 81 F.3d at 830-31.  To reject the credibility of the claimant, the ALJ must find evidence of malingering or express clear and convincing reasons for doing so.  Benton, 331 F.3d at 1042.

In his dissenting opinion, Judge Ikuta found that the conclusion that Plaintiff "was malingering and his claims regarding the intensity of his symptoms were not credible . . . was clearly supported by substance evidence, that is, 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  (ECF No. 32-6 at 8.)  Further, the dissent states that "[t]he record is replete with evidence supporting the ALJ's determination that Yang was malingering and his claims were not credible."  (Id.)  Upon examining the evidence Judge Ikuta found that, "[t]he evidence of Yang's efforts to counterfit disabling symptoms was more than sufficient to meet the 'clear and convincing' standard."  (Id. at 11.)

In regards to the ALJ's decision for discounting Dr. Mouanoutoua's evaluation, Judge

1  Ikuta found that "specific and legitimate reasons" were given.  "Dr. Mouanoutoua's evaluation
2  was based primarily on Yang's self-reporting, so the ALJ properly discounted the evaluation
3  based on his findings that Yang was malingering and that his subjective complaints were not
4  credible.  Moreover, the ALJ gave several additional reasons for rejecting Dr. Mouanoutoua's
5  opinion."  (Id. at 11.)  The opinion sets forth examples, such as "Yang did not consistently
6  participate in mental health treatment and was nearly discharged for multiple no-shows[;]" and
7  "Yang's treating physician, Dr. Chu, reported that Yang was 'essentially normal' and gave him a
8  GAF of 65, indicating mild symptoms[.]"  (Id. at 11-12.)

9  The position taken by the government was that the ALJ did set forth "for specific and
10 legitimate reasons that are supported by substantial evidence in the record" and two of the four
11 judges that considered the record agreed with this position.  While Plaintiff argues that precedent
12 is clear regarding the standard to be met, the judges that considered the record did not disagree on
13 the standard, but whether the ALJ's decision was sufficient to meet the standard.  On this record,
14 based upon the disagreement between the judges that have considered the matter whether the
15 standard has been met, reasonable minds could differ as to whether the record was sufficient to
16 meet this standard.  Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005).  The
17 Court finds that the government was substantially justified in defending this action.

## IV.

## ORDER

20  Accordingly, Plaintiff's motion for attorney's fees is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **April 9, 2013**

UNITED STATES MAGISTRATE JUDGE