# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHA YANG, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>COMMISSIONER OF SOCIAL SECURITY, <br><br>　　　　　Defendant. | Case No. 1:09-cv-01495-SAB <br><br> ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) <br><br>(ECF Nos. 47, 50) |

Petitioner Sengthiene Bosavanh ("Counsel"), attorney for Plaintiff Cha Vang ("Plaintiff"), filed the instant motion for attorney fees on July 8, 2015. Counsel requests fees in the amount of $9,633.00 pursuant to 42 U.S.C. § 406(b)(1). Plaintiff has not objected to the request. On July 21, 2015, Defendant Social Security Commissioner, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion providing an analysis of the fee request.

## I.

## BACKGROUND

Plaintiff filed the instant complaint challenging the denial of social security benefits on August 17, 2009. (ECF No. 1.) On September 22, 2010, the magistrate judge's order issued finding that the ALJ's decision was supported by substantial evidence in the record as a whole and was based on proper legal standards. (ECF No. 22.) The Court entered judgment in the

1    Commissioner's favor on September 22, 2010. (ECF No. 23.) Plaintiff filed an appeal on
2    November 15, 2010. (ECF No. 25.) On July 6, 2012, the decision of the magistrate judge was
3    affirmed in part, reversed in part, and remanded by the appellate court to the ALJ for further
4    findings evaluating the credibility of Plaintiff's complaints and her doctor's medical opinion.
5    (ECF No. 27.) Petitioner filed a motion for attorney fees pursuant to the Equal Access to Justice
6    Act ("EAJA"). The Court denied Petitioner's motion for attorney fees finding that the
7    Commissioner's position was substantially justified. (ECF No. 40.) Plaintiff appealed the order
8    denying EAJA fees. (ECF No. 41.) On April 28, 2014, the Ninth Circuit affirmed the denial of
9    EAJA fees. (ECF No. 45.)

10   On remand, the ALJ found that Plaintiff was disabled as of March 22, 2005, and past
11   benefits were awarded in the amount of $38,530.00. (ECF No. 47-3 at 1.) The Commissioner
12   withheld $9,633.00 from the past-due benefit for attorney fees. This amount equals 25 percent of
13   the retroactive benefit award. (Id.) Petitioner's firm was paid $6,000.00 of this award, leaving
14   $3,633.00 for attorney fees.[1] (Id.)

15   In the instant motion, Petitioner seeks $9,633.00 for 139.7 hours spent working on
16   Plaintiff's case.[2]

## II.

## LEGAL STANDARD

19   In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a
20   judgment favorable to a claimant . . . who was represented before the court by an attorney," the
21   court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due
22   benefits to which the claimant is entitled by reason of such judgment." The payment of such
23   award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

24   The Supreme Court has explained that a district court reviews a petition for section 406(b)

---

[1] The Commissioner states that although Petitioner states that she will not be seeking fees pursuant to 42 U.S.C. § 406(a), another attorney from Petitioner's firm, Jeffrey Milam, has requested and received fees pursuant to 42 U.S.C. § 406(a) in the amount of $6,000.00.

[2] Although the time represents the work of two attorneys, Petitioner states that the second attorney will not be receiving 406(b) fees in this action. Petitioner spent 34.7 hours on this action.

2

fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. 28 U.S.C. § 2412. Gisbrecht, 535 U.S. at 796.

The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

### III.

### DISCUSSION

The Court has conducted an independent check to insure the reasonableness of the requested fees in relation to this action. Gisbrecht, 122 S.Ct. at 1828. Here, the fee agreement between Plaintiff and Petitioner provides for a fee consisting of "25 (twenty-five) percent of the past-due benefits resulting from my claim or claims." (Social Security Employment Agreement, attached to Motion, ECF No. 47-1.) Plaintiff has been awarded benefits from September 2005 through March 2015 in the amount of $38,530.00. (ECF No. 47-3 at 1.) In determining the

1 | reasonableness of the fees requested, the Court is to apply the test mandated by Gisbrecht.

2 | There is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced attorney who secured a successful result for Plaintiff. Although this action does involve ten years of backpay, there is no indication that Counsel was responsible for any substantial delay in the court proceedings. Plaintiff agreed to a 25 percent fee at the outset of the representation and Petitioner is seeking $9,633.00 which is 25 percent of the backpay award. The $9,633.00 fee is not excessively large in relation to the past-due award of $38,530.00. In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated. Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

When considering the total amount requested by Petitioner, the fee request translates to $68.95 per hour for the time of both attorneys. Since Mr. Wilborn is foregoing his fee, Petitioner shall receive $277.61 per hour for her time in this action. In Crawford the appellate court found that a fee of $875 and $902 per hour, for time of both attorneys and paralegals, was not excessive. Crawford, 486 F.3d at 1152 (dissenting opinion).

The Court finds that the requested fees are reasonable when compared to the amount of work Counsel performed in representing Plaintiff in court. Petitioner's representation of the claimant resulted in the action being remanded for further proceedings and benefits were awarded. Counsel also submitted a detailed billing statement which supports her request. (ECF Nos. 47-4, 47-7.)

Finally, to the extent that the withheld fees are insufficient to cover all fees awarded at the administrative and court level, the claimant's counsel must recover the difference from the claimant. Dobson v. Commissioner, No. 2:09-cv-01460-KJN, 2013 WL 6198185, at *4 (E.D. Cal. Nov. 27, 2013).

## VI.

## CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the amount of $9,633.00 is GRANTED; and
2. If the amount of past-due benefits withheld is insufficient to cover all fees awarded at the administrative and court levels, Petitioner must recover the difference from the claimant.

IT IS SO ORDERED.

Dated:   **July 22, 2015**

UNITED STATES MAGISTRATE JUDGE